## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **QUANTOVIA ROBINSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:22-cv-00284-MTT-CHW** |
| **WARDEN SMITH,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER OF DISMISSAL

Plaintiff Quantovia Robinson, a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint, Compl., ECF No. 1, and a motion for leave to proceed in this action *in forma pauperis*.   Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.   Thereafter, Plaintiff was ordered to file a certified account statement so that the Court could properly evaluate his motion for leave to proceed *in forma pauperis*.   Order, ECF No. 4.   Plaintiff was given fourteen days to comply and was cautioned that his failure to do so could result in the dismissal of his complaint.   *Id.*

More than fourteen days passed following entry of that order, and Plaintiff did not file a certified account statement.   As a result, Plaintiff was ordered to show cause to the Court why this case should not be dismissed for failure to comply with the previous order. Order to Show Cause, ECF No. 5.   Plaintiff filed a response to that order, asserting that he had been unable to get anyone to provide him with a copy of his account statement. Response, ECF No. 6.   Plaintiff's response was construed as a motion for an extension of

time, which was granted.   Order, ECF No. 7.   Plaintiff was given an additional fourteen days to provide the Court with a copy of his certified account statement.   *Id.*   If he encountered further difficulty in obtaining his account statement, Plaintiff was instructed to inform the Court as to the name of the person from whom he requested the documents, the date on which he made any such request, and the response he received.   *Id.*

Additionally, a cursory review of Plaintiff's complaint demonstrated that he needed to recast his complaint if he wanted to proceed with this action.   Therefore, Plaintiff was ordered to recast his complaint consistent with instructions included in that order.   Plaintiff was also given fourteen days to recast his complaint.   *Id.*   Again, Plaintiff was cautioned that his failure to fully and timely comply could result in the dismissal of his complaint. *Id.*

More than fourteen days passed following entry of that order, during which Plaintiff did not comply with or otherwise respond to the order.   Therefore, Plaintiff was ordered to show cause to the Court why this case should not be dismissed for failure to comply with the Court's orders.   Order to Show Cause, ECF No. 8.   Plaintiff was again given fourteen days to respond and cautioned that his failure to do so would likely result in the dismissal of this action.   *Id.*

More than fourteen days have now passed since the show cause order was entered, and Plaintiff has not responded to that order.   Because Plaintiff has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE**.   *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam)

("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 6th day of February, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT